IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-31870 |
| MELVIN HUGHES, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

### MEMORANDUM OPINION

    Melvin Hughes' Chapter 13 schedules list $15,000.00 as a tools of trade exemption under Tex. Prop. Code §§ 42.001(a), 42.002(a)(4). On June 6, 2025, the Chapter 13 Trustee filed an objection to the tools of trade exemption, arguing that Hughes does not presently perform any trade associated with the exemption. Hughes' uncontroverted testimony establishes that the exemption is associated with tools used for his part-time profession as a landscaper. Because Hughes has not abandoned his landscaping business, the Trustee's objection is overruled.

### BACKGROUND

    On April 1, 2025, Melvin Hughes filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ECF No. 1. Schedule C of Hughes' petition claims $15,000.00 in a tools of trade exemption under Tex. Prop. Code §§ 42.001(a), 42.002(a)(4). ECF No. 1 at 25. The exemption is associated with four commercial mowers valued at $6,000.00, a Load Runner Trailer valued at $4,800.00, a Victory Trailer valued at $3,800.00, and additional miscellaneous lawn tools valued at $400.00. ECF No. 1 at 25.

    On June 6, 2025, the Chapter 13 Trustee filed an objection to Hughes' claimed exemption. ECF No. 28. The Trustee alleges that Hughes may not claim an exemption for his listed tools because Hughes

"performs no trade in which the above listed assets are utilized." ECF No. 28 at 1. Hughes responded to the objection, arguing that he operated a landscaping business under the name "Hughes Enterprise Landscaping" since January 2023, which had been reported in his 2024 tax return. ECF No. 33 at 1. Hughes further argues that he started the landscaping business to earn supplemental income to care for his sick wife, that he had not been able to operate the business for about seven months due to the time required to care for his wife and his inability to find dependable help, and that he intends to resume the business in the future. ECF No. 33 at 1–2.

On June 17, 2025, the Court held a hearing on the confirmation of Hughes' Chapter 13 plan. ECF No. 36. The Trustee moved forward with his objection, and the Court heard Hughes' testimony. Hughes confirmed that his listed landscaping tools were associated with his part-time business as a landscaper and that he was not able to operate the business for about six months before the bankruptcy filing because he was caring for his sick wife. Hughes has also been sick and has scheduled an upcoming surgery. He intends to resume his landscaping business as soon as he recovers from his surgery. The testimony is uncontroverted.

The Court took the Trustee's objection under advisement.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Sections 42.001(a) and 42.002(a)(4) of the Texas Property Code provide an exemption for the "tools, equipment, books, and apparatus . . . used in a trade or profession" if the aggregate fair market value of the property is no more than $100,000 (or no more than $50,000 if owned by

"performs no trade in which the above listed assets are utilized." ECF No. 28 at 1. Hughes responded to the objection, arguing that he operated a landscaping business under the name "Hughes Enterprise Landscaping" since January 2023, which had been reported in his 2024 tax return. ECF No. 33 at 1. Hughes further argues that he started the landscaping business to earn supplemental income to care for his sick wife, that he had not been able to operate the business for about seven months due to the time required to care for his wife and his inability to find dependable help, and that he intends to resume the business in the future. ECF No. 33 at 1–2.

On June 17, 2025, the Court held a hearing on the confirmation of Hughes' Chapter 13 plan. ECF No. 36. The Trustee moved forward with his objection, and the Court heard Hughes' testimony. Hughes confirmed that his listed landscaping tools were associated with his part-time business as a landscaper and that he was not able to operate the business for about six months before the bankruptcy filing because he was caring for his sick wife. Hughes has also been sick and has scheduled an upcoming surgery. He intends to resume his landscaping business as soon as he recovers from his surgery. The testimony is uncontroverted.

The Court took the Trustee's objection under advisement.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Sections 42.001(a) and 42.002(a)(4) of the Texas Property Code provide an exemption for the "tools, equipment, books, and apparatus . . . used in a trade or profession" if the aggregate fair market value of the property is no more than $100,000 (or no more than $50,000 if owned by

a single adult), exclusive of liens, security interests, or other charges. Tex. Prop. Code §§ 42.001(a), 42.002(a)(4). Texas courts apply the "use test" in determining whether an item may be claimed as an exempt tool of trade. *Goffney v. Prime Bank*, No. 14-01-00037-CV, 2002 WL 122155, at \*4 (Tex. App. Jan. 31, 2002) (citing *In re Erwin*, 199 B.R. 628, 630 (S.D. Tex. 1996)). "Under the test, a court considers (1) whether the item is necessary to the debtor's trade, and (2) whether the item is used with sufficient regularity to indicate actual use by the debtor." *Id.* When an individual "abandons his trade, his tools are no longer exempt from execution." *In re Ferro*, No. 09-80415-H3-11, 2010 WL 310857, at \*2 (Bankr. S.D. Tex. Jan. 21, 2010) (citing *Willis v. Morris*, 66 Tex. 628 (Tex. 1886)).

The Trustee does not allege that Hughes' landscaping tools are not necessary to his landscaping business. Rather, the Trustee alleges that Hughes is no longer using the tools because he is not operating his landscaping business, which implicates the second element of the use test.

In *Ferro*, the debtor claimed as a tools of trade exemption $24,350.00 for certain "boat molds" used for boat building. 2010 WL 310857, at \*1. In response to an objection to the claimed exemption, the debtor testified that he was a boat builder between 1973 and 2006 but that he stopped building boats in 2006 (about three years prior to the petition date) because "the market for boats became flat." *Id.* The debtor further testified that the boat molds at issue could be used to build boats between twenty-eight and thirty-eight feet and that he had not built a thirty-eight-foot boat since 2000 and had only built a single twenty-eight-foot boat in 2006 that remained unsold. *Id.* Finally, the debtor testified that he was "presently unable to build and sell boats, because there [was] no market," but that "if the market returns, he will be able to build and sell boats . . . [and] resellers in Pennsylvania and Oregon will order boats from him[.]" *Id.*

The Court allowed the tools of trade exemption, finding that the debtor had not abandoned his trade. *Id.* at \*2. Although the debtor had

not used his thirty-eight-foot mold since 2000 and his twenty-eight-foot mold since 2006, his uncontroverted testimony established that he was still a boat builder and was prepared to build boats when it became economically feasible. *Id.* Also weighing toward allowing the exemption were the facts that that the debtor had been building boats for thirty-three years, there was no evidence that he had previously suspended employment, and he was able to name two future purchasers of his boats. *Id.*; *see also Mata v. Ellis*, No. 11-14-00207-CV, 2016 WL 4386187, at *2 (Tex. App. Aug. 11, 2016) (finding that the tools of trade exemption did not apply because the appellant had not used his tools for his construction business "for some time" and "would only take another construction job if it were not too hard.").

Hughes is a highly credible witness. He proposes a modest plan and a modest budget. The Court has no doubt that Hughes intends to restart his landscaping business.

Hughes' testimony supports allowing his tools of trade exemption. Hughes worked as a part-time landscaper since January 2023, and he testified that he had only suspended the business to care for his sick wife. ECF No. 33 at 1. Notwithstanding the fact that Hughes has not used his landscaping tools for at least six months, he testified that he intends to resume landscaping as soon as he recovers from his upcoming surgery. Hughes uncontroverted testimony establishes that his landscaping tools are properly considered tools of his trade, and he has not abandoned that trade.

The Trustee's objection is overruled.

## CONCLUSION

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED 06/27/2025

Marvin Isgur<br>
United States Bankruptcy Judge